IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>LEROY JESSE HOULE,<br><br>Defendant/Movant. | Cause No. CR 11-64-GF-SEH<br>CV 13-74-GF-SEH<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. Defendant/Movant Houle is a federal prisoner proceeding pro se.

On December 2, 2013, the Court denied two of Houle's claims. *See* Order (Doc. 35) at 2-4, 5 ¶ 1. Two issues remained: whether counsel performed deficiently because Houle instructed him to file a notice of appeal but counsel did not do so, *see Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), and whether Houle's motion could be considered timely, 28 U.S.C. § 2255(f). The United States was ordered to file an Answer to Houle's remaining claim. With its Answer, per the Court's leave, the United States filed an affidavit from defense counsel, who stated that he did not recall any oral instruction from Houle to appeal and that his file shows no written request from Houle.

On January 7, 2014, noting that an evidentiary hearing would be required to

1

resolve Houle's *Flores-Ortega* claim, the Court gave Houle an opportunity to file a reply to the United States' Answer. Houle was also ordered to explain why his § 2255 motion should not be dismissed with prejudice as untimely. Order (Doc. 37) at 2 (showing that motion was untimely by nearly seven months even assuming Houle was entitled to tolling until February 1, 2012). Houle was required to respond by January 31, 2014. Houle was advised that failure to timely reply "will result in dismissal of the § 2255 motion with prejudice, and there will be no further proceedings in this matter." *Id.* at 2-3.

Houle did not reply to the Order. Consequently, the § 2255 motion is dismissed with prejudice as time-barred.

A certificate of appealability, 28 U.S.C. § 2253(c)(2), is not warranted. Houle's two claims regarding his sentence were frivolous. He challenged a two-point enhancement for obstruction of justice on the grounds that he did not endanger public safety when he fled from police, but he fled in a Cadillac at speeds up to 60 m.p.h. in a residential neighborhood. Houle also claimed that two "uncounseled" prior convictions counted against him in his criminal history calculation, but even if those convictions had not been counted, Houle still would have had a staggering 20 criminal history points, seven more than required to put him in Category VI, the highest category. These claims made no showing whatever that Houle was deprived of a constitutional right.

While Houle's claim under *Flores-Ortega* might meet the low § 2253 threshold, *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), his failure to respond to the Order of January 7, 2014, is conclusive. Reasonable jurists could not disagree with the procedural ruling. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**ORDERED**:

1. Houle's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 32) is DISMISSED WITH PREJUDICE;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Houle files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-74-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Houle.

DATED this 18th day of February, 2014.

Sam E. Haddon
United States District Court

3